# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

DANNY M. HILDEBRANDT,

    Plaintiff,

    v.

RETAIL SERVICES, ET AL.,

    Defendants.

Case No. 19-2021-JAR-JPO

## MEMORANDUM AND ORDER

Plaintiff Danny Hildebrandt brings this action pro se, asserting federal discrimination claims against his former employer Defendant Retail Services WIS Corporation d/b/a WIS International, and three of its employees, Defendants Ray Curtis, James Iverson, and Samantha Doty. Before the Court is Defendants' Motion to Compel Arbitration and to Dismiss Plaintiff's Complaint or in the Alternative to Stay the Proceedings (Doc. 15). Plaintiff has not responded to the motion and the time to do so has expired.[1] Therefore, the Court may grant this motion as uncontested.[2] For the additional reasons described below, the Court grants Defendants' motion to compel arbitration and stays these proceedings.

**I.    Background**

Plaintiff worked for Retail Services WIS Corporation d/b/a WIS International ("WIS") from June 8, 2017 to June 18, 2018. As a condition of his employment and as part of onboarding for his position, Plaintiff executed a mutual Arbitration Agreement on June 8, 2017, thereby agreeing to arbitrate all disputes with Defendants.

---

[1] *See* D. Kan. R. 6.1(d)(1) (providing fourteen-day response time).
[2] D. Kan. R. 7.4.

The Arbitration Agreement provides that all disputes between the parties must be arbitrated, including:

> [A]ny and all claims, disputes or controversies that the Company may have, now or in the future, against You or that You may have, now or in the future, against the Company or one of its employees or agents, arising out of or related to Your employment with the Company or the termination of your employment. Claims include but are not limited to disputes regarding . . . harassment, discrimination, retaliation, and termination arising under the Civil Rights Act of 1964, Americans with Disabilities Act . . . and other federal, state and local statutes, regulation and other legal authorities relating to employment.[3]

In addition, on the last page of the Arbitration Agreement, immediately preceding Plaintiff's signature, the Arbitration Agreement conspicuously states, in bold, capital letters: "YOU UNDERSTAND THAT BY AGREEING TO THIS AGREEMENT, YOU AND THE COMPANY ARE GIVING UP THE RIGHT TO GO TO COURT AND TO HAVE A JURY TRIAL."[4]

Further, the Arbitration Agreement plainly states that the parties' agreement to arbitrate their disputes "is governed by the Federal Arbitration Act" and that arbitration "will be administered by the American Arbitration Association ('AAA') and will be conducted in accordance with the Employment Arbitration Rules and Mediation Procedures of the AAA."[5]

Plaintiff filed the Complaint in this matter on January 16, 2019.

## II. Discussion

While the interpretation of contracts—including arbitration agreements—is generally a matter of state law, the Federal Arbitration Act ("FAA") imposes certain rules beyond those

---

[3] Doc. 16-1, attach. ¶ 1.A.

[4] *Id.* at 4.

[5] *Id.* ¶¶ 2.A., 1.C.iii.

2

normally found in state contract law.[6] The FAA applies to written arbitration agreements in any contract "evidencing a transaction involving commerce."[7] Congress designed the FAA "to overrule the judiciary's longstanding refusal to enforce agreements to arbitrate" and, by enacting the FAA, created "a liberal federal policy favoring arbitration agreements."[8] Under the FAA, a court should compel arbitration if it finds that (1) a valid arbitration agreement exists between the parties, and (2) the dispute before it falls within the scope of the agreement.[9]

"If a contract contains an arbitration clause, a presumption of arbitrability arises, particularly if the clause in question contains . . . broad and sweeping language."[10] However, the presumption of arbitrability disappears when the parties dispute whether there is a valid and enforceable arbitration agreement in the first place.[11] Whether a party agreed to arbitration is a contract issue, which means that arbitration clauses are only valid if the parties intended to arbitrate.[12] No party can be compelled to submit a dispute to arbitration without having previously agreed to so submit.[13] Courts apply state-law principles in deciding whether parties agreed to arbitrate.[14]

---

[6]*Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 681 (2010) (citing *Arthur Anderson LLP v. Carlisle*, 556 U.S. 624, 629–30 (2009); *Perry v. Thomas*, 482 U.S. 483, 493 n.9 (1987); *Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 479 (1989)).

[7]9 U.S.C. § 2.

[8]*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983).

[9]9 U.S.C. §§ 2–3.

[10]*ARW Expl. Corp. v. Aguirre*, 45 F.3d 1455, 1462 (10th Cir. 1995); *see also Bellman v. i3Carbon, LLC*, 563 F. App'x 608, 613 (10th Cir. 2014).

[11]*Bellman*, 563 F. App'x at 613 (citing *Dumais v. Am. Golf Corp.*, 299 F.3d 1216, 1220 (10th Cir. 2002); *Riley Mfg. Co. v. Anchor Glass Container Corp.*, 157 F.3d 775, 779 (10th Cir. 1998)).

[12]*Ragab v. Howard*, 841 F.3d 1134, 1137 (10th Cir. 2016) (citing *United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582 (1960)).

[13] *Id.*

[14]*First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995).

Here, there is no dispute that there is a valid arbitration agreement. There is also no dispute that the claims asserted here against all Defendants fall within the scope of the arbitration agreement. As such, under the FAA, the Court must compel arbitration. Both the statute and Tenth Circuit authority counsel in favor of a stay rather than dismissal under these circumstances.[15]

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motion to Compel Arbitration and to Dismiss Plaintiff's Complaint or in the Alternative to Stay the Proceedings (Doc. 15) is granted. This case is hereby stayed pending arbitration. Defendants shall file a status report by no later than October 1, 2019, advising the Court of the status of arbitration if it remains pending.

**IT IS SO ORDERED.**

Dated: May 6, 2019

                  S/ Julie A. Robinson
                  JULIE A. ROBINSON
                  CHIEF UNITED STATES DISTRICT JUDGE

---

[15] 9 U.S.C. § 3; *Hill v. Ricoh Ams. Corp.*, 603 F.3d 766, 771 (10th Cir. 2010); *Adair Bus Sales, Inc. v. Blue Bird Corp.*, 25 F.3d 953, 955 (10th Cir. 1994).